Commercial Bank of Manchester, Appellant, *v.* Galloway, *et al.*

The circuit courts may make rules for pleading and the trial of causes.
A cause cannot be tried at a special term of a circuit court unless it was properly triable at the preceding regular term.

IN ERROR.

Wilkinson and Miles, for plaintiff in error.

Mr. Justice TURNER delivered the opinion of the court.

APPEAL from the circuit court of Holmes county.

The plaintiffs brought suit on a protested bill of exchange against the drawers and indorsers in a joint action.

Galloway and Richardson were the drawers, and Walton, and Hoff and Wright were indorsers. The first three defendants were served with process in 1839, and Hoff and Wright not found.— Walton plead the general issue at April term, 1839. Galloway and Richardson suffered judgment to go against them by default, which was made final at July special term, 1840, and the issue as to Walton was submitted to a jury at the same term, and a verdict found in his favor.

Hoff and Wright were served with process in February, 1840, the writ being an alias capias to April term, 1840. The April term was not holden.

At July special term, 1840, the plaintiff, on the second day of the term, moved the court for judgment by default against Hoff and Wright, which motion was overruled; the court stating that the defendant was allowed until the third day of the term to plead. Hoff and Wright, however, filed their plea, the general issue, on the same day; and on the next day, being the third day of the

*Commercial Bank of Manchester, Appellant, v. Galloway, et al.*

term, the cause was submitted to a jury, on issue joined on the last named plea, and a verdict was rendered in favor of the defendants Hoff and Wright, and judgment thereon.

The plaintiffs prayed an appeal from the decision of the court, overruling their motion for judgment by default, which was granted.

The record is very imperfect, and there is some difficulty in determining on the proper course to be taken.

If a motion had been made to dismiss the case, I am inclined to think that it would have been granted. But the cause stands undefended, and the plaintiff's counsel have submitted it on the merits, without any assignment of errors or abstract, relying on the single point, whether the court below erred in refusing to entertain the motion for judgment by default; and we are inclined to look into the record and dispose of the case on the merits.

The circuit courts are competent to make rules for times of pleading, and bringing causes to issue; and did not err in allowing the defendants two entire days to plead. But the cause was not triable at the return term, nor at the special term. It stood continued from April, till the fall term, by the act of 1840. See 5 Howard, 285.

I consider that no cases can be tried at a special term of the circuit courts, but such as are properly triable at the preceding regular term. This case not being triable at the regular April term, and no term having been then holden, parties were prevented from pleading and putting their causes to issue. The special term having been ordered and holden, it was proper to do then what might have been done at the regular term. In this case, it was then proper to plead, as of April term, and this being done, the case was triable at the next regular term, by the provisions of the act aforesaid. It does not appear that the plaintiffs *claimed* a trial at the July special term; if they had, they could not assign *that* for error. The record states, that "this day came the parties by their attorneys, and issue being joined, it is ordered by the court that a jury come," &c.

The verdict having been rendered against the plaintiffs, they are entitled to a reversal of judgment as to Hoff and Wright, and a venire facias de novo.